**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE No. 1:16-CV-169-MR
CRIMINAL FILE No. 1:12-CR-56-MR**

| | |
|---|---|
| **CHRISTOPHER O'NEAL TATE,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted by plea of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). [CR Doc. 20]. The presentence report, prepared in anticipation of the Petitioner's sentencing hearing, recommended that Petitioner's Guidelines calculation begin with an

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-169-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:12-CR-56-MR.

enhanced Base Offense Level.  PSR at ¶ 20. [CR Doc. 14 at 6]. Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), Petitioner's Base Offense Level was 20 instead of 14 because Petitioner's prior North Carolina felony conviction for discharging a firearm into occupied property met the Guidelines' definition of a "crime of violence."  PSR at ¶ 36. [Id. at 8]. The Court adopted this recommendation and ultimately sentenced Tate to a term of imprisonment of 78 months.  [CR Doc. 20 at 2].

On June 15, 2016, Tate commenced this action by filing a petition pursuant to 28 U.S.C. § 2255.  [CV Doc. 1].  In his petition, Tate contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), a North Carolina felony conviction for discharging a firearm into occupied property no longer qualifies as a "crime of violence" under the Guidelines. Consequently, Tate argues that the enhanced Base Offense Level of his Guidelines calculation was improper and thus his sentence is unlawful.  [Id. at 2-4].

In response to Tate's petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. The government notes that this case will likely be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the

questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause contained in the Guidelines' provision, § 4B1.2(a)(2), defining "crime of violence."

Based upon the reasons given by the government, and with Tate's consent, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.**

Signed: July 29, 2016

Martin Reidinger
United States District Judge